2006 VT 88

**In re Appeal of Stephen GREEN**

[908 A.2d 453]

No. 06-309

¶ 1. August 9, 2006. Petitioner Stephen Green appeals a decision of the superior court denying his request for extraordinary relief. We affirm. Petitioner is currently an elected representative to the Vermont House of Representatives and desires to run for reelection this November. As petitioner concedes, however, he failed to timely file the consent of candidate form required by 17 V.S.A. § 2361 for all candidates who wish to appear on the election ballot. That statute provides:

> A candidate for whom petitions containing sufficient valid signatures have been filed shall file with the official with whom the petitions were filed a consent to the printing of the candidate's name on the ballot. The secretary of state shall prepare and furnish forms for this purpose. The consent shall set forth the name of the candidate, as the candidate wishes to have it printed on the ballot, the candidate's town of residence and correct mailing address. The consent shall be filed on or before the day petitions are due. Unless a consent is filed, the candidate's name shall not be printed on the primary ballot.

Petitioner sought extraordinary relief from the superior court in the form of an order that his name be listed on the ballot despite his failure to timely file the consent of candidate form. The superior court denied relief, and petitioner filed this appeal.

¶ 2. Under the plain language of the statute, timely filing of the consent of candidate form is a mandatory prerequisite to a candidate being listed on the ballot. See *Simpson v. Rood,* 2003 VT 39, ¶ 9, 175 Vt. 546, 830 A.2d 4 (mem.) (holding that use of word "shall" in statute indicates that requirement is mandatory). In particular, where a statute specifies the consequences for failure to comply with its terms, as does § 2361 (providing that "the candidate's name shall not be printed on the primary ballot"), there can be no question but that the requirement is mandatory. See *State v. Singer,* 170 Vt. 346, 348, 749 A.2d 614, 616 (2000) (recognizing that statutory time limit is mandatory where statute states consequence for failing to comply).

¶ 3. In light of this unambiguous requirement and petitioner's failure to present any authority that would allow us to depart from or excuse this requirement, we cannot conclude that the superior court erred in denying relief.

*Affirmed.*